### BLISS v. SMITH.

Ohio Appeals, 5th Dist., Muskingum Co.

Shields and Sayre of the 4th Dist., sitting.

George & Leasure, Zanesville, for Bliss.

L. F. Sater, Columbus, for Smith.

**677. JUDGMENTS AND DECREES.—147. Bills, Notes and Checks.**

HOUCK, J.

1. Where plaintiff took judgment on a cognovit note, defendant by filing motion to set aside judgment in trial court, entered appearance.

2. Where plaintiff took judgment on cognovit note, court was authorized to vacate and suspend judgment and give defendant opportunity to tender answer and file same, if it contained defense in law, and have case heard on merits.

(Shields and Sayre, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### COHN-HALL-MARX CO. v. VANOSDALL et.

Ohio Appeals, 5th Dist., Ashland Co.

C. P. Winbigler, Ashland, for Cohn-Hall-Marx Co.

Clyde C. Shcrick, Ashland, for Vanosdall et.

**587. GUARANTY.—1277. Word and Phrases.—297. Contracts.**

HOUCK, J.

1. Contract guaranteeing "the amount of

---

the purchase price of any goods sold and delivered * * * to the Alvo Company of Ashland, Ohio, up to the sum of $8,000," held to limit amount of guarantors' liability to the sum named.

2. The terms "construction" and "interpretation" denote or at least imply an uncertainty of meaning, and, when the meaning is clear and unambiguous, theie is no need of any attempt at or room for construction.

3. In construction of contract, words used are to be interpreted in accordance with their common, ordinary, and usual meaning.

4. In Ohio, a guarantor can be held liable only by and under the strict terms of his obligation.

(Shields and Lemert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### CONSERVATIVE LIFE INS. CO. v. CONDOS.

Ohio Appeals, 9th Dist., Summit Co.

Mottinger & Evans, Akron, for Insurance Co.

Waters, Andress, Southworth, Wise & Maxon and Paul C. Weick, Akron, for Condos.

**723. LIFE INSURANCE.**

WASHBURN, PJ.

The arrangement between a life insurance company and its local agent was that policies which were to become effective upon delivery were sent by the company to the agent for delivery, the agent to collect the first year's premium, retain 75% thereof for himself, and remit balance to the company. Such a policy was so sent and the company charged the agent with the company's share of the premium. The agent delivered the policy and accepted for the premium a note payable to himself and signed by the insured and his wife, but no part of said note was ever paid, and after it was past due the insured died. There was no provision in the note or the policy for a forfeiture of the same for failure to pay the premium or a note given therefor.

Held: Said insurance company is not relieved from liability on said policy on the ground that the first year's premium was not paid.

(Funk and Pardee, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.